RUSS, AUGUST & KABAT
Marc A. Fenster, SBN 181067
Email: mfenster@raklaw.com
Paul A. Kroeger (CA SBN 229074)
Email: pkroeger@raklaw.com
Reza Mirzaie (CA SBN 246953)
Email: rmirzaie@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiffs
*OYSTER OPTICS, LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| OYSTER OPTICS, LLC, a Texas Corporation, <br><br> PLAINTIFF; <br><br> v. <br><br> CIENA CORPORATION, a Delaware Corporation; AT&T, INC., a Delaware; <br><br> DEFENDANT. | **Case No.**   4:20-cv-02354 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** |

COMPLAINT

Plaintiff Oyster Optics, LLC ("Oyster" or "Plaintiff") files this complaint against Defendant Ciena Corporation ("Ciena" or "Defendant"), alleging infringement of U.S. Patent Nos. 6,665,500 and 10,554,297:

**PLAINTIFF OYSTER OPTICS AND THE PATENTS IN SUIT**

1. Plaintiff Oyster Optics, LLC is a technology licensing company organized under the laws of Texas, and has a place of business at 11921 Freedom Drive, Suite 550, Reston, VA 20190.

2. Oyster is the owner of U.S. Patent No. 6,665,500, entitled "Dual-Mode Fiber Optic Telecommunications System and Method," which issued on December 16, 2003 ("the '500 patent"). A copy of the '500 patent is attached to this complaint as Exhibit 1.

3. Oyster is the owner of U.S. Patent No. 10,554,297 ("the '297 patent"), entitled "Fiber Optic Telecommunications Card With Security Detection," which issued on February 4, 2020. "). A copy of the '297 patent is attached to this complaint as Exhibit 2.

**DEFENDANTS AND THE ACCUSED PRODUCTS"**

4. Defendant Ciena Corporation is a Delaware corporation. Ciena regular and established places of business within this District include at 3939 N. First Street, San Jose, California.

5. Defendant AT&T, Inc., is a Delaware corporation. AT&T has numerous regular and established places of business in this district including at 425 Market Street, San Francisco, CA, 1 Powell Street, San Francisco, and 2025 Irving Street.

**JURISDICTION AND VENUE**

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

1

COMPLAINT

7.      The Court has personal jurisdiction over Defendants. Defendants have regular and established places of business within this district and have committed acts of infringement within this district (e.g., selling and using Accused Products). Defendants have established minimum contacts with the State of California such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

8.      Venue is proper in this district under 28 U.S.C. §1400(b) and 28 U.S.C. §§ 1391(c). Defendants have regular and established places of business in this district as set forth above.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,665,500 AGAINST CIENA AND AT&T

9.      Oyster incorporates by reference each of the allegations in the above paragraphs and further alleges as follows:

10.     Oyster is the owner of the '500 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

11.     Each claim of the '500 patent is valid, enforceable, and patent-eligible.

12.     Oyster and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '500 patent, and Oyster is entitled to damages for Ciena's past infringement.

13.     Ciena has directly infringed (literally and equivalently) and induced others to infringe the '500 patent and, unless enjoined, will continue to do so by making, using, selling, offering for sale, or importing products that infringe the claims of the '500 patent and by inducing others to infringe the claims of the '500 patent without a license or permission from Oyster.

14.     The Ciena products that infringe various claims of the '500 patent, and include, without limitation, all versions and variations of Ciena's WaveLogic 5 Nano 100G/200G CFP2-DCO. Oyster is informed and believes that AT&T is Ciena's customer and/or partner with

respect these products. *See* https://www.ciena.com/insights/articles/cienas-role-in-recent-400g-industry-first-milestones.html; https://www.ciena.com/about/newsroom/press-releases/ATT-Launches-Industry-First-400-Gigabit-Network-Connection-to-Support-Video-Augmented-Reality-Gaming-and-Other-5G-Needs.html; https://about.att.com/story/2019/industry_first_400g_launch.html. (Ciena and AT&T are collectively referred to as "Defendants").

15. Defendants have directly infringed (literally and equivalently) at least one claim of the '500 patent by making, using, offering to sell, selling, and importing the Accused Products. Defendants infringed multiple claims of the '500 patent, including independent claim 1. By way of example only, the WaveLogic 5 Nano 100G/200G CFP2-DCO infringes an exemplary claim of the '500 patent, as in the description set forth in the claim chart attached hereto as Exhibit 3, which Oyster provides without the benefit of information about the accused device obtained through discovery.

16. Defendants have had knowledge of the '500 patent, from a date no later than the date they receive this complaint. Defendants have known how the Accused Products are made and has known, or have been willfully blind to the fact, that making, using, offering to sell, and selling the accused products within the United States, or importing the Accused Products into the United States, would constitute infringement.

17. Defendants have induced, and continue to induce, infringement of the '500 patent by actively encouraging others (including distributors and end customers) to use, offer to sell, sell, and import the Accused Products. On information and belief, these acts include providing information and instructions on the use of the Accused Products; providing information, education and instructions supporting sales by distributors; providing the Accused Products to distributors; and indemnifying patent infringement within the United States.

# COUNT II

# INFRINGEMENT OF U.S. PATENT NO. 10,554,297 AGAINST CIENA

18. Oyster incorporates by reference each of the allegations in the above paragraphs and further alleges as follows:

19. Oyster is the owner of the '297 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

20. Each claim of the '297 patent is valid, enforceable, and patent-eligible.

21. Oyster and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '297 patent, and Oyster is entitled to damages for Ciena's past infringement.

22. Ciena has directly infringed (literally and equivalently) and induced others to infringe the '297 patent and, unless enjoined, will continue to do so by making, using, selling, offering for sale, or importing products that infringe the claims of the '297 patent and by inducing others to infringe the claims of the '297 patent without a license or permission from Oyster.

23. The Ciena products that infringe various claims of the '297 patent, and include, without limitation, all versions and variations of Ciena's 6500 series products, and all components, modules, submodules, and/or pluggables compatible therewith, such as for example and without limitation the XCVR-CEP0001, XCVR-DEP0002, and XCVR-GES101 transceivers; all versions and variations of Ciena's 5400 series products, and all components, modules, submodules, and/or pluggables compatible therewith, all versions and variations of Ciena's FlexSelect 40G Shelf products, and all components, modules, submodules, and/or pluggables compatible therewith; all versions and variations of Ciena's CoreSteam Agility

products, and all components, modules, submodules, and/or pluggables compatible therewith; all versions and variation of Ciena's 4200 products, and all components, modules, submodules, and/or pluggables compatible therewith; and all versions and variations of any products utilizing any version or variation of Ciena's WaveLogic products, including for example and without limitation WaveLogic 3.

24. Ciena has directly infringed (literally and equivalently) at least one claim of the '297 patent by making, using, offering to sell, selling, and importing the Accused Products. Ciena has infringed multiple claims of the '297 patent, including independent claim 1. By way of example only, Ciena's infringement of an exemplary claim of the '297 patent is demonstrated in the claim chart attached hereto as Exhibit 4, which Oyster provides without the benefit of information about the accused device obtained through discovery.

25. Ciena has had knowledge of the '297 patent, from a date no later than the date it receives this complaint. Ciena has known how the Accused Products are made and has known, or have been willfully blind to the fact, that making, using, offering to sell, and selling the accused products within the United States, or importing the Accused Products into the United States, would constitute infringement.

26. Ciena has induced, and continues to induce, infringement of the '297 patent by actively encouraging others (including distributors and end customers) to use, offer to sell, sell, and import the Accused Products. On information and belief, these acts include providing information and instructions on the use of the Accused Products; providing information, education and instructions supporting sales by distributors; providing the Accused Products to distributors; and indemnifying patent infringement within the United States.

27. Oyster has been damaged by Ciena's infringement of the '297 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## PRAYER FOR RELIEF

WHEREFORE, Oyster respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendants infringed, either literally and/or under the doctrine of equivalents, the '500 Patent and that Ciena has infringed the '297 Patent;

b. A permanent injunction prohibiting Defendants from further acts of infringement of the '500 Patent, and the '297 Patent;

c. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for its infringement of the '500 Patent, and the '297 Patent; and

d. A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Oyster, including without limitation, prejudgment and post-judgment interest;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendants; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

DATED: April 7, 2020        **RUSS, AUGUST & KABAT**

*/s/ Paul A. Kroeger*
Marc A. Fenster, SBN 181067
Email: mfenster@raklaw.com
Paul A. Kroeger (CA SBN 229074)
Email: pkroeger@raklaw.com
Reza Mirzaie (CA SBN 246953)
Email: rmirzaie@raklaw.com
12424 Wilshire Boulevard, 12th Floor

Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
*OYSTER OPTICS, LLC*