UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OYSTER OPTICS, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>CIENA CORPORATION,<br><br>    Defendant. | Case Number: 4:20-cv-02354-JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to Order 84.

1. <u>Jurisdiction & Service</u>

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

This Court has subject matter jurisdiction over Plaintiff Oyster Optics, LLC's ("Oyster") claims against Defendant Ciena Corporation ("Ciena") for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a). No issues exist regarding personal jurisdiction or venue, and all parties have been served.

2. <u>Facts</u>

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

**PLAINTIFF'S STATEMENT:** Oyster is the legal owner of U.S. Patents No. 6,665,500 (the '500 patent). The '500 patent presents specific improvements to fiber optics telecommunications systems.

*Form updated May 2018*

Defendant Ciena infringes the '500 patent by making, using, selling, and/or offering to sell their accused fiber optics telecommunications systems and components thereof. Ciena actively induces its customers to infringe the '500 patent. Oyster has suffered and will continue to suffer severe competitive harm, irreparable injury, and significant damages as the direct and proximate result of Ciena's conduct, and Oyster is therefore entitled to damages of no less than a reasonable royalty, preliminary and permanent injunctive relief, attorney's fees, and such other and further relief as the Court may deem to be just and proper.

This case has been stayed since an Order of this Court dated April 21, 2021 (Dkt. No. 65), pending an IPR of the '500 patent as well as previously asserted patent 10,554,297 (the "'297 Patent"). Both IPRs have since been resolved and the Court ordered the stay lifted by Order dated November 1, 2021 (Dkt. No. 84).

**CIENA'S STATEMENT:**

This is the second of three cases Oyster filed against Ciena pending in this Court. Oyster originally asserted infringement of two patents—the '500 patent and the '297 patent. Oyster dismissed with prejudice its allegations relating to the '297 patent in light of Ciena's IPR, IPR2021-00565. Dkt No. 70. The '500 patent is thus the sole remaining patent in this case. The '500 patent concerns a dual-mode optical transmission system.

Oyster is a patent assertion entity formed specifically to purchase a portfolio of patents held by an investment fund, TQ Gamma. Oyster purchased the patents on or about August 12, 2016 for the purpose of seeking licenses through litigation. Oyster commenced its litigation campaign against Ciena and others approximately three and half months after purchasing the patents. Specifically, on November 23 - 24, 2016, Oyster filed nine patent infringement cases with eight of those cases alleging infringement of the same seven patents and one case alleging infringement of three of those seven patents. None of those cases involved the '500 patent asserted here. Thereafter, between April of 2018 and June of 2020, Oyster continued its patent assertion campaign in the Eastern District of Texas by filing six more lawsuits against

*Form updated May 2018*

telecommunications companies in the Eastern District of Texas. To date, none of Oyster's nineteen cases have gone to trial. Oyster voluntarily dismissed and/or modestly settled every case except those filed against Ciena for far less than the cost to litigate. Each such settlement, except one, included a portfolio license to all of Oyster's purchased patents, including the '500 patent. On January 12, 2022, Oyster filed a notice of settlement on the eve of trial in its last non-Ciena case—*Oyster Optics, Inc. v. Cisco Systems, Inc*. (E.D. Tx. 2:20-cv-00211).

Returning to this case, on April 7, 2020, Oyster filed the instant action against Ciena and AT&T Inc. ("AT&T). Oyster voluntarily dismissed AT&T on June 8, 2020. Cisco filed an IPR on the '500 patent and Ciena an IPR on the '297 patent. The Court stayed this case pending the IPRs. (Dkt. 65). During that time period, and as indicated above, Oyster dismissed the '297 patent from this case with prejudice in light of Ciena's IPR. (Dkt. 70). The IPR on the '500 patent resulted in cancellation of all but one instituted claim of the '500 patent. Paper No. 34 (IPR2020-00325). Oyster thereafter moved the Court to lift the stay and elected to proceed against Ciena only on claims 5 and 16. As a result, the Court lifted the stay by Order dated November 1, 2021 permitting Oyster to proceed only on claims 5 and 16. (Dkt. No. 84).

The principal factual issues in dispute include non-infringement and invalidity of claims 5 and 16 of the '500 patent and damages, if any.

3. Legal Issues
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Subject to and without waiving their respective positions and arguments, the parties assert that the disputed points of law include at least the following:

A.  The proper construction of the asserted claims of the '500 patent;

B.  Whether Oyster's claims are barred, in whole or in part, by any defenses asserted by Ciena;

C.  Whether Ciena directly infringes the '500 patent under 35 U.S.C. § 271(a);

*Form updated May 2018*

D. Whether Ciena induces the infringement of the '500 patent under 35 U.S.C. § 271(b);

E. Whether Oyster is entitled to damages, costs, expenses, and prejudgment interest, and the extent thereof;

F. Whether Oyster or Ciena is entitled to attorneys' fees under 35 U.S.C. § 285, and the extent thereof;

G. Whether Oyster released Ciena from all claims of infringement as to Accused Products that contain Fujitsu products;

H. Whether the '500 patent is invalid.

I. Whether the '500 patent is unenforceable; and

J. Whether Oyster's rights in the '500 patent are exhausted.

Each party reserves its right to raise or dispute issues not identified in the foregoing list.

4. <u>Motions</u>
*All prior and pending motions, their current status, and any anticipated motions.*

There are no motions currently pending before the Court. The parties anticipate filing claim construction briefs and motions for summary judgment or other dispositive motions, pursuant to Patent L.R. 4-5 and the Court's Standing Order for Patent Cases.

Oyster anticipates filing a motion to amend its infringement contentions that were served prior to the stay. Oyster expects this motion to be on file in advance of the case status conference.

Ciena will oppose Oyster's motion to amend its infringement contentions as untimely and lacking diligence. Further, Oyster's motion to amend its infringement contentions is irrelevant to the parties' current claim disputes. Ciena reserves the right to pursue further claim construction should the Court grant Oyster's motion.

5. <u>Amendment of Pleadings</u>
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

*Form updated May 2018*

**PLAINTIFF'S STATEMENT:** Oyster does not presently anticipate adding or dismissing any parties or claims. However, Oyster reserves the right to amend its complaint if facts justifying such amendment are uncovered during the course of discovery.

**CIENA'S STATEMENT:** Ciena reserves the right to amend its pleadings in light of the discovery to be taken in this case, discovery that took place in the '500 patent IPR, and co-pending cases where Oyster is also asserting the '500 patent. Discovery in the IPR and co-pending cases could provide information relevant to additional claims and/or defenses, including without limitation allegations of inequitable conduct, license defenses, non-infringement defenses, and invalidity defenses.

6. <u>Evidence Preservation</u>

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties certify that they have reviewed the ESI Guidelines and have met and conferred pursuant to Federal Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. Given the early stage of this action, the parties are still assessing their positions regarding an agreement to govern the discovery and production of Electronically Stored Information and will continue to work in good faith to come to a mutual agreement.

7. <u>Disclosures</u>

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made. For ADA and employment cases, see General Order Nos. 56 and 71.*

The parties previously served their initial disclosures.

8. <u>Discovery</u>

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

Initial written discovery has commenced. The parties anticipate that discovery will include mandatory Rule 26 disclosures, written discovery, depositions, third-party discovery,

*Form updated May 2018*

and expert witness discovery. The scope of anticipated discovery will include issues relating to the allegations in Oyster's complaint and any defense or counterclaim pleaded by Ciena.

The parties agree that fact discovery shall be conducted without phases, except as specifically provided in any stipulated production protocol for ESI. The parties agree that fact discovery shall be conducted in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the Court's orders, subject to the following specifically identified modifications.

*Modifications to Discovery Under the Federal Rules of Civil Procedure and Local Rules*

The parties previously agreed to the below modifications in their prior case management conference. These agreements are repeated below for the Court's convenience.

1. Depositions

The default limitation of ten depositions per side provided by Federal Rule of Civil Procedure 30(a)(2)(A)(1) shall apply. Expert depositions shall be excluded from this limitation. There shall be a presumptive seven-hour limit for all individual and third-party depositions. With respect to third-party witnesses, the participating parties shall meet and confer to discuss how to divide the time on the record between the parties. Expert depositions will be limited to one seven-hour deposition per topic on which the expert offers opinions (e.g., infringement, non-infringement, validity, invalidity, damages).

The parties may seek leave of the Court to take additional depositions or to extend the time required for depositions of expert depositions, on a showing of good cause, consistent with the Court's orders.

2. Expert Discovery

The parties agree that no notes, drafts, or other types of preliminary written work by or for experts concerning the subject matter of this civil action or the '500 patent shall be the subject of discovery or inquiry at trial. The parties further agree that no communications, whether written or oral, between or among any expert(s) and counsel for the party retaining said expert(s) concerning the subject matter of this civil action or the '500 patent shall be the

*Form updated May 2018*

subject of discovery or inquiry at trial. Materials, communications, and other information exempt from discovery pursuant to this paragraph shall be treated as attorney work product for the purposes of this litigation. This paragraph shall not apply to any communications or documents (including messages, notes, drafts, or other types of preliminary written work) on which the expert relied or intends to rely in forming his or her opinion as expressed in an affidavit, report, or testimony in connection with this action. Such communications or documents shall be subject to discovery and, to the extent otherwise admissible, to inquiry at trial.

3. Protective Order

A Protective Order has been entered by the Court pursuant to the parties' stipulation (Dkt. No. 40).

4. Privilege Logs

No party shall be required to log privileged materials that post-date the filing of Oyster's complaint on November 24, 2016 in the corresponding case 4:17-cv-05920-JSW. Information concerning documents or things otherwise protected by the attorney-client privilege, work product doctrine, or other privilege or protection ("Privileged Materials") that were created after November 24, 2016 does not need to be included on any privilege log. In addition, Privileged Materials created by or on behalf of litigation counsel, communications with litigation counsel, and internal communications within a law firm or corporate legal department do not need to be included on any privilege log, regardless of the date of their creation. Unless good cause is shown, this includes materials prepared by or on behalf of the law firms representing the parties in their capacity as counsel before the U.S. Patent and Trademark Office. The parties reserve the right to request logs of Privileged Materials created after November 24, 2016 where good cause exists.

5. Discovery Disputes

*Form updated May 2018*

The parties have discussed and recognize that they are bound by the Court's rules for addressing discovery disputes as set forth in paragraph 8 of the Court's Civil Standing Orders regarding discovery disputes.

9. <u>Class Actions</u>

*If a class action, a proposal for how and when the class will be certified.*

Not applicable.

10. <u>Related Cases</u>

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

The following cases are currently pending before other courts:

*Oyster Optics LLC v. Ciena* Corporation, 4:17-cv-05920-JSW (N.D. Cal); *Oyster Optics LLC v. Ciena* Corporation, 4:21-cv-02241-JSW (N.D. Cal); *Oyster Optics, LLC. v. Cisco Systems, Inc.*, Case No. 2:20-cv-00211 (Eastern District of Texas).[1]

The following related cases were previously pending before another court or administrative body:

Oyster *Optics, LLC v. Alcatel-Lucent USA, Inc.*, Case No. 2019-01255 (Federal Circuit); *Oyster Optics, LLC v. Infinera Corporation*, Case No. 19-2179 (Federal Circuit); *Ciena Corporation v. Oyster Optics, LLC*, Case No. 2019-2117 (Federal Circuit); *Lumentum Optics Inc. v. Oyster Optics, LLC*, Case No. 2019-1919 (Federal Circuit); *Lumentum Optics Inc. v. Oyster Optics, LLC*, Case No. 2019-1921 (Federal Circuit); *Lumentum Optics Inc. v. Oyster Optics, LLC*, Case No. 2019-1820 (Federal Circuit); *Oyster Optics, LLC v. Infinera Corporation*, Case No. 2:18-cv-00206 (Eastern District of Texas); *Oyster Optics, LLC v. Infinera Corporation et al.*, Case No. 2:19-cv-00257 (Eastern District of Texas); *Cisco Systems, Inc. v. Oyster Optics, LLC*, IPR2020-01347 (PTAB); *Infinera Corporation v. Oyster Optics, LLC*, IPR2020-00325 (PTAB).

---

[1] A notice of settlement was filed in this case on January 11, 2022. Oyster expects the case to be dismissed on or before February 10, 2022.

*Form updated May 2018*

11. <u>Relief</u>
*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

**PLAINTIFF'S STATEMENT:** Oyster seeks compensatory damages in an amount to be proven at trial but in no event less than a reasonable royalty; preliminary and permanent injunctive relief against Ciena; a finding that this case is exceptional under 35 U.S.C. § 285 and that Oyster should be awarded its attorneys' fees; an award of prejudgement and post-judgment interest, costs, and other expenses; and such other and further relief as the Court may deem to be just and proper.

Pursuant to Patent L.R. 2-1(b), Oyster states that it is has provided damages disclosures with an estimate of the damages range expected for the case—however these are limited to the revenue numbers provided by Ciena, which Oyster believes are an incomplete, and significantly understated the damages at issue. To generate a proper estimate, Oyster will require information from Ciena about its revenue attributable to the Accused Products—which Oyster believes include all of the products identified in its infringement contentions, and not just the narrow subset that Ciena has provided information on. In addition, Oyster will require information from Ciena about factors relevant to a hypothetical negotiation, including but not limited to Ciena's patent licensing practices and history, to the extent it is different than information obtained in the prior case. Oyster expects that motion practice, include resolution of its motion to amend the infringement contentions expected to be on file as of the date of this report may be necessary to obtain this information.

**CIENA'S STATEMENT:**

Ciena requests the Court to enter judgment in its favor as follows: (1) judgment against Plaintiff and in favor of Ciena that the Complaint is dismissed in its entirety, with prejudice; (2) that the Court find and declare that the '500 patent is not infringed by Ciena; (3) that the Court find and declare that the '500 patent is invalid; (4) that the Court deem this an exceptional case under 35 U.S.C. § 285 and award Ciena its costs and reasonable attorneys'

*Form updated May 2018*

fees; and (5) that the Court award Ciena any and all other further relief that the Court deems just and proper.

Ciena disagrees with Oyster's contention that the revenue numbers provided by Ciena are incomplete or that they significantly understate the damages at issue. To the contrary, Oyster asserted the now-expired '500 patent against a newly released, low revenue product. Moreover, Ciena did not limit the revenue numbers it produced to a "narrow subset" of products as Oyster contends. Rather, Ciena provided revenue numbers for the products charted in Oyster's infringement contentions. Said differently, Oyster failed to comply with Pat. L.R. 3-1(c) because it never provided "[a] chart identifying specifically where and how each limitation of each asserted claim is found within *each Accused Instrumentality*…." *See, e.g.,* Pat. L.R. 3-1(a)-(c) (requiring Oyster to chart each known accused instrumentality separately); *see also* Pat. L.R. 3-6(c) ("Amendment of the Infringement Contentions … may be made only by order of the Court upon a timely showing of good cause" such as "[r]ecent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.").

12. Settlement and ADR
*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties have agreed to private Mediation with Judge Folsom following entry of the claim construction order.

13. Consent to Magistrate Judge For All Purposes
*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.* ____ YES __X_ NO

Oyster filed its notice of declination of magistrate judge jurisdiction on May 6, 2020.

14. Other References
*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The parties do not believe the case it suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

*Form updated May 2018*

### 15. Narrowing of Issues
*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The parties will attempt to narrow issues by agreement and/or motion after discovery has progressed. The parties will also seek to stipulate as to facts not reasonably in dispute. At a later time, as discovery progresses, the parties will meet and confer to discuss further limiting the number of asserted claims and prior art references, if necessary. Ciena believes that claim 16 should be promptly dropped from this case as Oyster has no good faith basis for proceeding on this claim.

### 16. Expedited Trial Procedure
*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties do not believe that this case can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

### 17. Scheduling
*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The parties' specific scheduling proposals are indicated in Exhibit A. As to all deadlines not specifically proposed in Exhibit A, the parties agree that deadlines in this action will be governed by the time limits specified in the Federal Rules of Civil Procedure, the Civil Local Rules and Patent Local Rules of the Northern District of California, and the Court's orders.

### 18. Trial
*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

**PLAINTIFF'S STATEMENT:** Oyster has demanded a jury trial for its claims and anticipates that trial will take one week.

**CIENA'S STATEMENT:** Ciena agrees that the case will be tried to a jury. The length of the trial will depend on the parties' pre-trial motions and the ability to narrow the issues.

*Form updated May 2018*

19. <u>Disclosure of Non-party Interested Entities or Persons</u>
*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Oyster filed its disclosure of non-party interested entities or persons pursuant to Civil Local Rule 3-15 on December 14, 2017 in the related action *Oyster Optics, LLC v. Ciena Corporation*, Case No. 4:17-cv-05920-JSW, (Dkt. No. 45). This statement is still accurate as of the date of this disclosure.

20. <u>Professional Conduct</u>
*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

The parties certify that all their attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other</u>
*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

Although the parties previously completed claim construction briefing, the parties have met and conferred and believe that the schedule should re-open with the exchange of claim terms. Ciena believes this is justified at least because of (i) Oyster's statements and USPTO's findings in the IPR, (ii) a claim construction order that issued from the Eastern District of Texas while this case was stayed, (iii) the parties previously conducted claim construction and identified the maximum of ten terms for briefing when the case had a vastly different scope (two asserted patents and thirteen asserted claims) whereas now there is only one asserted patent and two asserted claims, and (iv) four of the eight previously briefed terms are no longer at issue in the case as a result of the dismissal of the '297 patent and the cancellation of the '500 patent's claims by the USPTO. Oyster does not oppose Ciena's request.

Given that new terms will be submitted for construction and that only four terms remain in dispute from the prior briefing, the parties have agreed to the following:

- The claim construction schedule in Exhibit A.

*Form updated May 2018*

- The parties have also agreed that they will use verbatim their prior briefing and evidence to address the four terms that are still at issue from the original briefing.
- The parties will address any new terms within the existing page limits. The parties will file new briefs so that all of the claims to be construed are in a single brief for the Court's convenience.

Dated: January 14, 2021

By: /s/ Reza Mirzaie
Marc A. Fenster (CA BN 181067
mfenster@raklaw.com
Paul A. Kroeger (CA BN 229074)
pkroeger@raklaw.com
Reza Mirzaie (CA BN 246953)
rmirzaie@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

By: /s/ Blair M. Jacobs
Blair M. Jacobs
bjacobs@mckoolsmith.com
Christina A. Ondrick
condrick@ mckoolsmith.com
John S. Holley
jholley@ mckoolsmith.com
McKool Smith, P.C.
1999 K Street, NW, Suite 600
Washington, DC 20006
Phone:    (202) 402-9400
Facsimile: (202) 402-9544

RAYMOND W. STOCKSTILL (SB# 275228)
beaustockstill@paulhastings.com
PAUL HASTINGS LLP
695 Town Center Drive, 17th Floor
Costa Mesa, California  92626
Telephone: (714) 668-6200
Facsimile:  (714) 979-1921

*Attorneys for Plaintiff*
Oyster Optics, LLC

*Attorneys for Defendant*
Ciena Corporation

*Form updated May 2018*

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE

*Form updated May 2018*