1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

OYSTER OPTICS, LLC,

        Plaintiff,

    v.

CIENA CORPORATION,

        Defendant.

Case No. 20-cv-02354-JSW(LB)

**DISCOVERY ORDER**

Re: ECF No. 90

**INTRODUCTION**

    In this patent-infringement case, the parties dispute whether Ciena must produce technical documents and revenue-and-sales information about its "non-WaveLogic 5 Nano" products. In its infringement contentions, Oyster identified certain products but charted only the WaveLogic 5 Nano as a representative product. Oyster contends that its contentions are sufficient to compel the discovery. Ciena counters that they are not because the charted product is a newly released, low-volume product that is meaningfully different from the uncharted products.[1] Oyster did not meet its burden to show that the charted product is representative. It is too late to amend the infringement contentions because Oyster was not diligent, and Ciena would be prejudiced.

_____

[1] Joint Disc. Letter – ECF No. 90 at 1–4. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 20-cv-02354-JSW (LB)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**STATEMENT**

Oyster filed its original contentions in September 2020, charting the WaveLogic 5 Nano and listing the WaveLogic 5 Extreme, WaveLogic AI, WaveLogic 3, WaveLogic 3 Extreme products.[2] In October 2020, it sought discovery for all products identified in its contentions.[3] In November 2020, Ciena refused on the ground that the charted product was not representative of the listed products.[4]

The case was stayed from April 22, 2021, to November 1, 2021, during inter partes review (IPR) of both patents in the complaint.[5] During the stay, the parties dismissed the claims and counterclaims regarding one patent (and terminated the IPR of that patent).[6] In September 2021, the PTAB invalidated claims 1, 2, 4, 6–9, and 17–19 of the remaining patent, U.S. Patent No. 6,665,500.[7]

Ciena objected to lifting the stay pending a ruling from the Federal Circuit. The trial court lifted the stay, at least in part, because Oyster conditionally limited its case to claims 5 and 16 of the '500 patent. After analyzing the possible outcomes in the Federal Circuit, the trial court concluded that the only way to narrow the litigation was to lift the stay.[8] In lifting the stay, it considered other factors, including the stage of the litigation, and cited Oyster's acknowledgment that the case was "in the early stages of litigation at the time it was stayed." The court then held, "[t]hat fact alone will not justify perpetuation of a stay because the case would remain frozen in its nascent stage if the Court continued the stay."[9] It also observed that Ciena had "not argued that it would be prejudiced or would suffer a tactical disadvantage if the Court lifts the stay," in part because the parties were not competitors and in part because the median time for disposition at the Federal Circuit is "slightly over one year."[10]

[2] *Id.* at 1; Prelim. Disclosures, Ex. B to *id.* – ECF No. 90-2 at 3.

[3] Reqs. for Prod. Nos. 31–39, 50, Ex. A to Joint Disc. Letter – ECF No. 90-1.

[4] Resps. to Reqs. for Prod., Ex. G to Joint Disc. Letter – ECF No. 90-7 at 3–4 (¶ 33).

[5] Orders – ECF Nos. 65, 84.

[6] Order – ECF No. 71.

[7] Order – ECF No. 84 at 1–2.

[8] *Id.* at 4–5.

[9] *Id.* at 2.

[10] *Id.* at 4–5 (citations omitted).

United States District Court
Northern District of California

1    The parties began discussing the discovery dispute before the case was stayed, and "Oyster

2    brought the issue to Ciena's attention during the process of having the stay lifted."[11] An email

3    dated March 4, 2021 (before the stay) shows that the parties agreed to set up a meeting the next

4    week to discuss Oyster's amending its infringement contentions for the '500 patent. In a

5    November 15, 2021, email, Oyster again raised the issue, remarking that there was no case

6    schedule and no prejudice to Ciena from an amendment. It followed up with another email on

7    December 2, 2021. Ciena responded on December 14, 2021, saying that Oyster knew about the

8    products, should have charted them in its September 2020 infringement contentions, and wrongly

9    asserted that the charted product was representative of the listed products.[12]

10    Ciena's invalidity contentions were based only on the non-WaveLogic 5 Nano products, and

11    claim construction is proceeding only on the narrower claim scope.[13]

12    The parties tried to resolve the dispute by meeting and conferring several times in January

13    2022, and Oyster offered to chart all products identified in the September 2020 contentions.[14]

14    Oyster's proposed charts rely on documents that predate the September 2020 contentions,

15    including publicly available documents.[15] Ciena's Rule 30(b)(6) witness testified in January 2021

16    that the "charted and uncharted products have meaningful technical differences."[16]

17    The trial court issued an order on January 18, 2022, adopting the parties' proposed schedule for

18    claim construction (beginning with exchanging prosed claim terms and preliminary claim

19    constructions in February 25, 2022 and ending with the claim-construction hearing on June 2, 2022.[17]

20

21

22

---

[11] Joint Disc. Letter – ECF No. 90 at 3.

[12] Email String, Ex. C to Joint Disc. Letter – ECF No. 90-3.

[13] Joint Disc. Letter – ECF No. 90 at 5.

[14] *Id.* at 1–3.

[15] Chart for U.S. Patent No. 6,665,500, Ex. H to Joint Disc. Letter – ECF No. 90-8 at 6–7, 10–11 (documents from April 2017, May 2019, January 2020, November 2019, and January 2017).

[16] Joint Disc. Letter – ECF No. 90 at 4; Rule 30(b)(6) Dep., Ex. I to *id.* – ECF No. 90-8 at 4:17–5:6 (pp. 46:17–47:6).

[17] Order – ECF No. 88 at 15.

# ANALYSIS

## 1.  Identification of Accused Products

The first issue is whether Oyster has shown that the charted product is representative of the other products listed in Oyster's infringement contentions. If it is, then Ciena must produce the disputed discovery. On this record, the charted product may be representative of other WaveLogic Nano 5 products, but nothing suggests that it is representative of non-WaveLogic 5 Nano products.

Patent Local Rule 3-1 requires that a party claiming patent infringement serve infringement contentions that, among other things, identify:

> (b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process[.]

> (c) A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

This rule generally "require[s] specific identification of particular accused products." *Oracle Am., Inc. v. Google, Inc.*, No. 10-cv-3561-WHA, 2011 WL 4479305, at *2 (N.D. Cal. Sept. 26, 2011) (emphasis removed). It does not "tolerate broad categorical identifications" or "the use of mere representative examples." *Id*. Rather, "a full list of accused products must be disclosed as part of a party's infringement contentions" if they are known to the plaintiff. *Id*.

"[R]epresentative products may only be charted 'when supported by adequate analysis showing that the accused products share the same critical characteristics.'" *Cap Co. Ltd., v. McAfee, Inc.*, No. 14-cv-5068-JD, 2015 WL 4734951, at *2 (N.D. Cal. Aug. 10, 2015) (quoting *Network Protection Sciences, LLC v. Fortinet, Inc.*, No. 12-c-01106-WHA, 2013 WL 5402089, at *2 (N.D. Cal. Sept. 26, 2013) (cleaned up)). "That analysis cannot just be based on the patentee's say-so." *Id*. "[I]n order to rely on a claim that one accused product represents another for purposes of Rule 3-1(c), a

1    patentee must do more than state as much. A patentee must state how." *Silicon Labs., Inc. v. Cresta*

2    *Tech. Corp.*, No. 14-c-03227-PSG, 2015 WL 846679, at *2 (N.D. Cal. Jan. 1, 2015).

3         In its infringement contentions, Oyster said only that on "information and belief," the products

4    "all operate in the substantially same manner for purposes of infringement of the Asserted

5    Claims."[18] Its chart of the WaveLogic 5 Nano similarly says that it is "exemplary of the

6    infringement of the '500 Patent."[19] It contends in the letter brief that its additional claims charts

7    would "confirm that the infringement theories . . . in Oyster's claim chart were representative of

8    how the . . . [other identified] products infringe."[20] These conclusory statements do not explain

9    how the charted product represents the other products. By contrast, Ciena provided specific

10   information about how the products are different.[21] Oyster has not met its burden.

11

12   **2.  Amendment of Infringement Contentions**

13        Oyster also contends that it has good cause to amend its infringement contentions to chart the

14   non-WaveLogic 5 Nano products.[22] It has not, primarily because it has known about the issues

15   since at least November 2020, which preceded the stay pending IPR.

16   Patent Local Rule 3-6 provides that:

17        Amendment of the Infringement Contentions or the Invalidity Contentions may be
         made only by order of the Court upon a timely showing of good cause. Non-
18       exhaustive examples of circumstances that may, absent undue prejudice to the non-
         moving party, support a finding of good cause include:
19
         (a) A claim construction by the Court different from that proposed by the party
20       seeking amendment;

21       (b) Recent discovery of material, prior art despite earlier diligent search; and

22       (c) Recent discovery of nonpublic information about the Accused Instrumentality
         which was not discovered, despite diligent efforts, before the service of the
23       Infringement Contentions.

24       _____

25   [18] Infringement Contentions, Ex. B to Joint Disc. Letter – ECF No. 90-2 at 4.

     [19] Chart for U.S. Patent No. 6,665,500, Ex. E to Joint Disc. Letter – ECF No. 90-5 at 2.
26
     [20] Joint Disc. Letter – ECF No. 90 at 3 (citing Email String, Ex. C to *id.* – ECF No. 90-3 at 1
27   (referencing attached charts).

     [21] Rule 30(b)(6) Dep., Ex. I to Joint Disc. Letter – ECF No. 89-4 at 4–5.
28
     [22] Joint Disc. Letter – ECF No. 90 at 3.

United States District Court
Northern District of California

1

> The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions.

2

3

4

5

6

7

"In contrast to the more liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *GoPro, Inc. v. 360Heros, Inc.*, No. 16-cv-01944-SI, 2017 WL 1278756, at *1 (N.D. Cal. Apr. 6, 2017) (cleaned up). "The moving party bears the burden of establishing diligence." *Id.* (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1355 (Fed. Cir. 2006)).

8

9

10

11

12

"Where the moving party is unable to show diligence, there is 'no need to consider the question of prejudice,' although a court in its discretion may elect to do so." *Id.* (quoting *O2 Micro*, 467 F.3d at 1368). "Prejudice is typically found when amending contentions stand to disrupt the case schedule or other court orders." *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-cv-00876-RS (JSC), 2016 WL 7386136, at *3 (N.D. Cal. May 13, 2016).

13

14

15

16

17

18

19

20

Even if the movant arguably was not diligent, the court retains discretion to grant leave to amend. *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 10-cv-3724-CW, 2013 WL 5609325, at *2 (N.D. Cal. Oct. 11, 2013). "Mistakes or omissions are not by themselves good cause." *Apple, Inc. v. Samsung Elec. Co.*, No. 12-cv-00630-LHK, 2012 WL 5632618, at *5 (N.D. Cal. Nov. 15, 2012). "Courts have allowed amendments when the movant made an honest mistake, the request to amend did not appear to be motivated by gamesmanship, or where there was still ample time left in discovery." *Id.* (granting leave to amend when there was no prejudice to the defendant); *Karl Storz Endoscopy-Am.*, 2016 WL 2855260, at *3.

21

22

23

24

25

26

Oyster contends that it has good cause to amend because it "diligently contacted Ciena after Ciena's position to improperly limit the scope of the Accused Products became clear."[23] But it knew by September 2020 that Ciena disputed the sufficiency of the infringement contentions for any non-WaveLogic 5 Nano products. All information needed to chart the identified projects existed at the time that of its September 2020 infringement contentions. It does not explain why it took so long to amend. The stay does not change the outcome: it was issued in April 2021, after the parties began

27

28

---

[23] *Id.*

United States District Court
Northern District of California

1    negotiating about amending the contentions. In similar contexts, courts have found a lack of good

2    cause and diligence when parties know about the products and wait months before amending their

3    contentions. *See, e.g., GoPro*, 2017 WL 1278756, at *2.[24]

4         Moreover, Ciena identifies prejudice. The charted product was new, which probably limits

5    damages, and the other products apparently are not and thus have a different revenue stream. Also,

6    as discussed in the Statement, Ciena's invalidity contentions were based only on the charted

7    WaveLogic 5 Nano product, and claim construction is based only on that narrower claim scope.

8    Oyster's failure to respond to the notice about the issue shows a lack of diligence and good cause.

9    Also, Ciena relied on the infringement disclosure and "consciously chose not to pursue an IPR

10   challenging the validity of Oyster's '500 patent. . . . Had Oyster timely responded to Ciena's

11   notification that the infringement contentions were deficient or moved to amend its contentions in a

12   timely manner, Ciena would have had the ability to reevaluate whether to challenge Oyster's

13   asserted claims within the statutory time period for filing an IPR. . . . If Oyster is permitted to

14   amend its infringement contentions now, the case will be completely reframed and Ciena will suffer

15   significant prejudice as it can no longer file an IPR."[25] The prejudice to Ciena is also prejudice to

16   the trial court, which is proceeding with claim construction on the narrower claim scope.

17        In sum, Oyster was not diligent, and there is prejudice to the trial court and to Ciena. There is no

18   good cause to amend the infringement contentions.

19

20                                    **CONCLUSION**

21        On this record, the court denies Oyster's motion to compel discovery and amend its

22   infringement contentions.

23   **IT IS SO ORDERED.**

24   Dated: February 24, 2022

25                                                    _____

26                                                    LAUREL BEELER

27   _____
     [24] *Id.* at 4 (collecting cases).

28   [25] *Id.* at 5.

*United States District Court*
*Northern District of California*

United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California