UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OYSTER OPTICS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CIENA CORPORATION,<br><br>    Defendant. | Case No. 20-cv-02354-JSW<br><br>**SUPPLEMENTAL CLAIM CONSTRUCTION ORDER AND ORDER SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. Nos. 116, 120 |

The Court has issued a claims construction order construing three of the four disputed terms at issue for claims 5 and 16 of U.S. Patent No. 6,665,500, *Dual-Mode Fiber Optic Telecommunications System and Method* (the '500 Patent"). *Oyster Optics LLC v. Ciena Corp.*, No. 20-cv-02354-JSW, 2022 WL 2669171 (N.D. Cal. July 11, 2022) ("*Ciena Corp.*"). The Court reserved ruling on the term "mode" pending supplemental briefing. The Court has considered the parties' supplemental briefs, their prior briefs, relevant legal authority, and the record in this case. For the reasons that follow, the Court construes the term "mode" to mean "manner of operation during which at least one specific data signal is either amplitude modulated or phase modulated, but not both simultaneously."

**ANALYSIS**

The Court incorporates by reference the factual background and legal standards set forth in *Ciena Corp.*, 2022 WL 2669171, at *1-*4. The Court also is not writing on a blank slate for the term "mode." As discussed in *Ciena Corp.*, Oyster had a case pending against Cisco Systems, Inc. in the United States District Court for the Eastern District of Texas (the "*Cisco* litigation"), and Magistrate Judge Roy S. Payne construed many of the claim terms at issue here, including "mode." *Oyster Optics, LLC v. Cisco Systems, Inc.*, No. 20-cv-211-JRG, 2021 WL 1784378, at *

5-*16 (E.D. Tex. May 4, 2021) ("*Cisco*").[1]

The Court will make an independent determination of how the claim should be construed. However, "[i]n the interest of uniformity and correctness," it may consult "the claim analysis of different district courts on the identical terms in the context of the same patent. *Finisar Corp. v. DirecTV Group, Inc.*, 523 F.3d 1323, 1329 (Fed. Cir. 2008). When, as here, a prior *Markman* order is "interjurisdictional," the Court has discretion to determine how much deference "to give that opinion, with such deference turning on the persuasiveness of the order[s]." *Visto Corp. v. Sproqit Techs., Inc.*, 445 F. Supp. 2d 1104, 1108-09 (N.D. Cal. 2006) (internal citation and quotations omitted).

| Oyster's Proposed Construction | Ciena's Proposed Construction |
|---|---|
| Plain and ordinary meaning or, in the alternative, "manner of operation" | "manner of operation during which one signal is either amplitude modulated or phase modulated, but not both simultaneously" |

The parties agree that: (1) the term "mode" refers to a "manner of operation"; (2) the "first mode" and the "second mode" occur at different times; (3) their agreed upon construction of the phrase "the controller in a second alternating mode amplitude modulating the light from the laser as a function of the same electronic data stream as in the first mode," does not impact their construction of the term "mode"; and (4) the term "mode" should be construed consistently across the claims.

The parties' dispute centers on whether "mode" should be construed such that "amplitude modulation and phase modulation" can occur at the same time within a given mode. This dispute echoes the parties' dispute about whether the term phase modulate excluded amplitude modulation, and vice versa. Ultimately, the Court adopted Oyster's proposed construction and concluded they did not. In reaching that conclusion, it found the *Cisco* court's reasoning "highly

---

[1] The district court, Judge Rodney Gilstrap, overruled Oyster's objections to Judge Payne's constructions and adopted the claims construction order in full. (Dkt. No. 116-1, Declaration of Blair M. Jacobs, ¶¶ 6-7, Dkt. Nos. 116-5, 116-6, Jacobs Decl., Ex. R (Oyster Objections), Ex. S (Order).)

persuasive." *Ciena Corp.*, 2022 WL 2669171, at *4-*6.

The Court begins with the language of the claims. Claim 1, from which claim 5 depends, states that the controller phase modulates in the first mode and amplitude modulates in second mode. No other language suggests the controller could both amplitude modulate and phase modulate during one of those modes. Yet, nothing expressly precludes that result. ('500 Patent at 8:35-43.) The same is true for the transmitter in claim 16, although in that claim the transmitter amplitude modulates in the first mode and phase modulates in the second mode. (*Id.* at 10:2-8.)

Oyster points to dependent claim 19, which provides that "during the second alternate transmission mode the *light* is both amplitude-modulated and phase-modulated." (*Id.* at 10:26-28 (emphasis added).) As it did in the *Cisco* litigation, Oyster argues the doctrine of claim differentiation supports its construction. *See, e.g., SunRace Roots Enter. Co. v. SRAM Corp.*, 336 F.3d 1298, 1303 (Fed. Cir. 2003) (noting general presumption that each claim has a different scope and claim differentiation is "especially strong when the limitation in dispute is the only meaningful difference between an independent and dependent claim"). The Court, however, concurs with Judge Payne's assessment that Ciena's "proposed interpretation does not give rise to any inconsistency or any conflict with the doctrine of claim differentiation because" Ciena's proposed construction limits modulation of the data stream, not the light. *Cisco*, 2021 WL 1784378, at *10.

The specification also could be read to provide support for Oyster's proposed construction. For example, the Summary of the Invention Provides that "[t]he present invention thus permits a phase-modulated transmission mode or an amplitude-modulated transmission mode, or both a phase and amplitude-modulated transmission mode, which can permit the transmitter to work with different types of receivers." ('500 Patent at 2:41-44.) The patentee also described a "receiver for receiving optical signals, the optical signals including both phase-modulated optical signals and direct amplitude-modulated optical signals" and stated that "under certain circumstances a mixture of phase and amplitude modulation could be possible." (*Id.* at 3:47-50, 4:37-40; *see also id.* 2:63-3:3, 3:62-64.) *See also Cisco*, 2021 WL 1784378, at *10-13 (analyzing specification).

The Court also considers the prosecution history, and Oyster reasserts arguments it made

in the *Cisco* litigation about why the patentee's efforts to distinguish the Djupsjöbacka reference did not amount to a disclaimer. The Court, however, finds Judge Payne's analysis of this aspect of the intrinsic evidence and the analysis of why the prosecution history supports Ciena's proposed construction highly persuasive. *Cisco,* 2021 WL 1784378, at *13-*16.

Accordingly, the Court construes the term "mode" to mean "manner of operation during which at least one specific data signal is either amplitude modulated or phase modulated, but not both simultaneously."

The Court has now construed all disputed terms and ORDERS the parties to appear on April 28, 2023 at 11:00 a.m. for a further case management conference. The parties shall file an updated joint case management conference statement by April 21, 2023.

**IT IS SO ORDERED**.

Dated: March 6, 2023

_____
JEFFREY S. WHITE
United States District Judge